IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LARA GONZALEZ

　　Plaintiff

　　v.                                                    **Civil No. 10-1919 (SEC)**

HURLEY INTERNATIONAL, INC.

　　Defendant

**OPINION AND ORDER**

Pending before this Court is Defendant Hurley International, LLC's ("Hurley or "Defendant") Motion to Compel Arbitration (Docket # 6), Plaintiff Lara González's ("Plaintiff") opposition thereto (Docket # 10), and Defendant's reply (Docket # 13). After reviewing the filings, and the applicable law, Defendant's request to compel arbitration is **DENIED**.

**Factual Background**

On September 23, 2010, Plaintiff filed the present suit under diversity jurisdiction, setting forth claims under Puerto Rico Law 21, P.R. Laws Ann. tit. 10, § 279. According to Plaintiff, she was the exclusive sales representative for Hurley and said relationship was terminated by Hurley without just cause. On December 21, 2010, Hurley filed the present motion, arguing that pursuant to the "Sales Representative Agreement" (the "Agreement") entered into by the parties on August 1, 2007, Plaintiff was a non-exclusive independent contractor for Hurley until December 30, 2009. On even date, Hurley terminated their relationship as a result of "her unsatisfactory performance and sales results." Docket # 6, p. 2. Hurley further contends that the Agreement expressly provides that its provisions shall be governed by the law of the state of California and all controversies and claims arising out of or relating to the same or the breach thereof shall be settled by binding arbitration in the County

**CIVIL NO. 10-1919 (SEC)** 2

of Orange in California. As a result, they posit that arbitration is mandatory and dismissal of Plaintiff's claims is proper.

In opposition, Plaintiff avers that the Agreement expired on July 31, 2009, thus its arbitration provision is not applicable to the present dispute, which took place in December 2009. In support of this argument, she points out that the complaint fails to set forth any claims under the Agreement or even mention the same. Moreover, Plaintiff posits that insofar the Agreement could only be extended in writing by both parties, it was not automatically renewed after July 2009. She also argues that a new relationship arose between the parties after the July 31, 2009 expiration of the Agreement, upon which she became Hurley's exclusive representative in Puerto Rico and the Caribbean. Accordingly, Plaintiff contends that her claims are not subject to compulsory arbitration.

Defendant replied, noting that Plaintiff has never been Hurley's exclusive sales representative, and the complaint fails to show otherwise. They further point out that despite Plaintiff's allegations as to the Agreement's expiration date, the parties extended the Agreement from July 31, 2009 to July 31, 2009 without any amendments in writing, and Plaintiff admitted as much. Thus, according to Defendant, the parties' conduct shows a similar intent to extend the Agreement after July 2009 under the same conditions, including those mandating arbitration. In the alternative, Defendant argues that whether the parties' conduct constitutes an extension of the Agreement is an issue to be addressed in arbitration.

**Applicable Law and Analysis**

In Puerto Rico, arbitration is strongly favored as an alternative conflict-resolution mechanism. Quiñones-González v. Asoc. Cond. Playa Azul II, 161 P.R. Dec. 668 (2004). Puerto Rico's Arbitration Act, P.R. Laws Ann. tit. 32, § 3201, provides that two or more parties

**CIVIL NO. 10-1919 (SEC)** 3

may agree in writing to submit to arbitration any dispute which may be the object of an existing action between them at the time they agreed to the arbitration, or they may include in a written agreement a provision for the settlement by arbitration of any dispute which may arise in the future between them from such settlement or in connection therewith. Such an agreement shall be valid, enforceable and irrevocable except for the grounds prescribed by law or equity for the reversal of an agreement.

See also Federal Arbitration Act, 9 U.S.C. § 2.

Similarly, Congress has set forth a policy favoring arbitration. See Soto-Alvarez v. AIMCO, 561 F. Supp. 2d 228, 230 (D.P.R. 2008). In fact, "Congress enacted the FAA in order '[t]o overcome judicial resistance to arbitration,'" Garrison v. Palmas del Mar Homeowners Ass'n, 538 F. Supp. 2d 468, 472 (D.P.R. 2008) (citing Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006)), "'...encourage speedy resolution of disputes and to bind parties to their voluntary agreements.'" Id. (citing Ideal Unlimited Services Corp. v. Swift-Eckrich, Inc., 727 F. Supp. 75, 76 (D.P.R. 1989)). Likewise, it sought to "overrule the judiciary's longstanding refusal to enforce agreements to arbitrate," and to "place arbitration agreements 'upon the same footing as other contracts,'" De Jesus-Santos v. Morgan Stanley Dean Witter, Inc., No. 05-1336, * 13, 2006 U.S. Dist. LEXIS 24327 (D.P.R. Mar. 22, 2006) (citing Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219-220 (1985), and Scherk v. Alberto-Culver Co., 417 U.S. 506, 511 (1974)). In so doing, Congress set forth that "arbitration is simply a matter of a contract between the parties; it is a way to resolve those disputes -- but only those disputes -- that the parties have agreed to submit to arbitration." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995).

Pursuant to the Federal Arbitration Act ("FAA"),[1] a written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

---

[1] Since the FAA was promulgated under Congress' power under the Commerce Clause, it is applicable in state as well as federal courts. Southland Corp. v. Keating, 465 U.S. 1, 12 (1984).

**CIVIL NO. 10-1919 (SEC)** 4

revocation of any contract." 9 U.S.C. § 2. Accordingly, "[t]he FAA mandates the district court to compel arbitration when the parties have signed a valid arbitration agreement governing the issues in dispute, removing the district court's discretion over whether to compel arbitration or provide a judicial remedy to the parties." Soto-Alvarez, 561 F. Supp. 2d at 230.[2] On this issue, the Supreme Court has held that "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter, 470 U.S. 213, 218 (1985).

In interpreting the FAA, the First Circuit has held that a party who attempts to compel arbitration must show that (1) a valid agreement to arbitrate exists, (2) that the movant is entitled to invoke the arbitration clause, (3) that the other party is bound by that clause, and (4) that the claim asserted comes within the clause's scope. Intergen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003); see also Soto-Alvarez, 561 F. Supp. 2d 228, 230 (D.P.R. 2008); Sanchez-Santiago v. Guess, Inc., 512 F. Supp. 2d 75, 78 (D.P.R. 2007); Milliman, Inc. v. Health Medicare Ultra, Inc., 641 F. Supp. 2d 113, 117 (D.P.R. 2009).[3] If there is a valid arbitration clause, and the controversy falls under its scope, the court will direct the parties to proceed to arbitration unless

---

[2] The question of arbitrability, however, is "an issue for judicial determination." Mun. Of San Juan v. Corp. para el Fomento Economico, 415 F.3d 145, 149 (1st Cir. 2005) (citing AT&T Technologies, Inc. v. Communications Workers of Am., 475 U.S. at 649).

[3] This District has held that under the FAA, "[w]hen deciding a motion to compel arbitration, a court must determine whether '(i) there exists a written agreement to arbitrate, (ii) the dispute falls within the scope of that arbitration agreement, and (iii) the party seeking an arbitral forum has not waived its right to arbitration.'" Garrison, 538 F. Supp. 2d at 472, n. 3 (citing Bangor Hydro-Electric Co. v. New England Tel. & Tel. Co., 62 F. Supp.2d 152, 155 (D. Me. 1999)). "Only if all three prongs of the test are satisfied will a motion to compel arbitration be granted." Id. (citing Combined Energies v. CCI, Inc., 514 F.3d 168 (1st Cir. 2008)).

**CIVIL NO. 10-1919 (SEC)** 5

the party compelling arbitration has waived the right to do so, or there exists grounds for revocation of the contractual agreement. See Combined Energies v. CCI Inc., 514 F.3d 168, 171 (1st Cir. 2008) (citations omitted).

In general, agreements to arbitrate are "generously construed." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). As such, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration...," and "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); see also AT & T Technologies, Inc. v. Communications Workers of America, Inc., 475 U.S. 643, 650 (1986) (citations omitted); Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 (1995); Mun. Of San Juan v. Corp. para el Fomento Economico, 415 F.3d 145. This presumption of arbitrability was originally developed in cases dealing with labor relations arbitration controversies, but has since been extended to cover all other cases under the FAA. Kaplan, 514 U.S. at 943.

As mentioned earlier, "arbitration is a matter of contract," therefore, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Intergen, 344 F.3d at142 (citing AT&T, 475 U.S. at 648; see also Wright v. Universal Maritime Serv. Corp., 525 U.S. 70, 80 (1998) (holding that a collective-bargaining agreement must contain a clear and unmistakable waiver of the employees' rights to a judicial forum for federal discrimination claims); Kaplan, 514 U.S. at 945 (finding that a party can be forced to arbitrate only those issues he specifically agreed to submit to arbitration). As a result, "a party seeking to substitute an arbitral forum for a judicial forum must show, at a bare minimum, that the

protagonists have agreed to arbitrate some claims." Id. (citing McCarthy v. Azure, 22 F.3d 351, 354-55 (1st Cir. 1994).[4]

In the present case, Plaintiff does not question the agreement's existence, nor does she allege error, violence, intimidation or deceit that would invalidate her consent to the terms of the same. Instead, citing the Seventh Circuit's Nissan v. M'Lady, 307 F.3d 601 (7th Cir. 2002), she argues that the agreement expired on July 31, 2009, thus any disputes that arose after said date are not governed by the agreement nor subject to compulsory arbitration. Relying on Nissan, Plaintiff argues that the presumption of arbitrability does not apply in cases where the arbitration agreement was included in a fixed-term contract which has expired. Insofar as arbitration agreements are a matter of contract, we must first determine whether the Agreement was in effect when the dispute in this case arose.

This initial determination is of particular relevance because if the Agreement was still in effect as of December 2009, Plaintiff was a non-exclusive sales representative, and thus Law 21 is inapplicable to the case at bar. Specifically, Law 21 defines a sales representative as "an independent entrepreneur who establishes a sales representation contract of an exclusive nature, with a principal or grantor, and who is assigned a specific territory or market, within the Commonwealth of Puerto Rico." P.R. Laws Ann. tit. 10, § 279(a). Therefore, "an essential element of a Law 21 claim is the existence of an 'exclusive sales representation contract,'" IOM Corp. v. Brown-Forman Corp., 553 F. Supp. 2d 58, 64 (D.P.R. 2007). "Courts have noted that exclusivity is generally apparent either from the contract itself or from the arrangements agreed

---

[4] Courts have held that "state contract law principles govern the validity of an arbitration agreement." Soto-Alvarez, 561 F. Supp. 2d at 230; see also Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 281 (1995). Under Puerto Rico law, "the elements of a valid contract are the following: (1) the consent of the contracting parties; (2) a definite object of the contract; and (3) the cause for the obligation." Id. (citing P.R. Laws Ann. tit. 31, § 3391. A party's consent is not valid if "'given by error, under violence, by intimidation, or deceit.'" Soto-Alvarez, 561 F. Supp. 2d at 230; see also Sanchez-Santiago, 512 F. Supp. 2d at 79.

**CIVIL NO. 10-1919 (SEC)**                                                                              7

upon between the parties." Id. The Agreement in dispute expressly states that Plaintiff was appointed as Hurley's "nonexclusive independent sales representative..." Docket # 6-1, p. 2. As such, Plaintiff's claims under Law 21 could not prevail insofar as she is not an exclusive sales representative under the Agreement. Moreover, if the Agreement was still valid as of December 2009, the parties are subject to mandatory arbitration.

Upon review of the record, we find that the term of the Agreement started on August 1, 2007, and was set to expire on July 31, 2008, at which time it would expire automatically without the necessity of any notice. Docket # 6-1, p. 3. Under the Agreement, any amendment to this term or any other provision would be in writing signed by the parties. Id. at 8. Accordingly, the Agreement was extended from July 31, 2008 to July 2009 pursuant to a written amendment, and the relationship between Plaintiff and Hurley continued under the same terms and conditions. Docket # 6-1, p 16. After July 2009, however, the parties did not mutually agree in writing to extend the Agreement, they did not amend the same, nor reached a new written agreement which replaced the previous one.

Defendants' reliance on Gemco Latinoamerica, Inc. v. Seiko Time Corp., 623 F. Supp. 912 (D.P.R. 1985), in arguing that the Agreement is extended indefinitely pursuant to Law 21 is misplaced insofar as it was never within Law 21's scope.[5] Under the Agreement, Plaintiff was a non-exclusive sales representative for Hurley. Therefore, case law interpreting Law 21 is irrelevant for purposes of the contract's expiration date.[6]

---

[5] This district has held that "[s]ince Law 21 is an offspring of Law 75, and the public policy behind Law 21 is similar to the one behind Law 75, 'it is well settled that applicable jurisprudence to Law 75 is also of application in controversies as per Law 21.'" Hawayek v. A.T. Cross Co., 221 F. Supp. 2d 254, 256 (D.P.R. 2002) (citing Innovation Marketing v. Tuffcare Inc., 31 F. Supp. 2d 218 (D.P.R. 1998)).

[6] In Gemco, this district held that in light of Section 279a of Law 75, a contractual provision between a supplier and distributor "which provides for a unilateral right to terminate or not to renew the relationship is null and void as it contravenes the law of Puerto Rico."Gemco, 623 F. Supp. 918. Since Law 21 contains an almost identical section, this holding extends to similar clauses in a sales

**CIVIL NO. 10-1919 (SEC)** 8

In light of the above, this Court finds that the Agreement between the parties expired on July 2009, thus Defendant fails to meet one of the essential elements that compel arbitration, to wit, the existence of a valid agreement to arbitrate. Intergen, 344 F.3d at 142. Although a business relationship between the parties apparently continued, the complaint fails to set forth sufficient facts to determine whether Plaintiff became Hurley's exclusive sales representative. Plaintiff avers that she was "Hurley's exclusive sales representative in the Territory of Puerto Rico...," but there are no specific factual averments to support said allegation. Moreover, Hurley contends otherwise. As such the issue of whether Plaintiff was an exclusive sales representative for Hurley after July 2009 until the December 2009 is a matter for this Court to decide at a later time in order to determine the viability of her Law 21 claims.

**Conclusion**

Based on the foregoing, Defendants' motion to compel arbitration is **DENIED.**

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 9th day of February, 2011.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. Senior District Judge

---

representation contract. Thus the practical effect of Section 379a of Law 21 is to extend the contract indefinitely unless there is just cause for its termination or unless the principal is willing to pay damages. Id.