IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LARA GONZALEZ

Plaintiff

v.

HURLEY INTERNATIONAL, INC.

Defendant

Civil No. 10-1919 (SEC)

**OPINION AND ORDER**

Pending before this Court is Defendant Hurley International, LLC's ("Hurley or "Defendant") motion to dismiss (Docket # 20). Plaintiff Lara González ("Plaintiff") opposed (Docket # 24), and moved for leave to amend the complaint (Docket # 23). After reviewing the filings, and the applicable law, Defendant's motion is **DENIED**, and Plaintiff's request to amend is **GRANTED**.

**Factual Background**

On September 23, 2010, Plaintiff filed the present suit against Hurley under diversity jurisdiction, setting forth claims under Puerto Rico Law 21, P.R. Laws Ann. tit. 10, § 279. According to Plaintiff, she was the exclusive sales representative for Hurley and said relationship was terminated by Hurley without just cause. On February 9, 2011, this Court denied Hurley's request to compel arbitration (Docket # 14), and issued the Case Management Order setting forth the case's deadlines (Docket # 15).

On March 11, 2011, Hurley filed a motion to dismiss for failure to state a claim. Docket # 20. According to Hurley, Plaintiff fail to set forth sufficient factual averments to support her claims under Law 21. Plaintiff opposed, and moved to amend her complaint to include additional facts showing that she was Hurley's exclusive sales representative upon expiration of the "Sales Representative Agreement" (the "Agreement") in July 2009. Dockets ## 23 & 24.

**CIVIL NO. 10-1919 (SEC)**                                                                                                    Page 2

**Applicable Law and Analysis**

In opposing Defendants' motion to dismiss, Plaintiff opted for requesting leave to amend the complaint in order to cure any factual deficiencies and conform it to the more demanding pleading standards set forth in *Iqbal*. See Perea v. Pereira, No. 09-1156, slip op. at 10 (D.P.R. Jan. 29, 2010).

Generally, "Rule 15(a) governs a motion to amend a complaint." Fisher v. Kadant, Inc., 589 F.3d 505, 509-511 (1st Cir. 2009). Under said rule, "[t]he court should freely give leave [to amend] when justice so requires." Thus when a motion to amend is entered before formal entry of judgment, the district court should evaluate the motion under the liberal standard of rule 15(a). Torres-Alamo v. Puerto Rico, 502 F.3d 20, 25-26 (1st Cir. 2007) (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). Under this standard, "[a]mendments may be permitted pre-judgment, even after a dismissal for failure to state a claim, and leave to amend is 'freely given when justice so requires.'" Id. (quoting Rule 15(a)).[1]

---

[1] The First Circuit has held that when a "motion to amend is filed after the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside." Fisher, 589 F.3d at 508. Accordingly, "as long as the judgment remains in effect, Rule 15(a) is inapposite." Id. at 508-509. The First Circuit has held that requests for leave to amend made subsequent to the entry of judgment, "whatever their merit, cannot be allowed unless and until the judgment is vacated ..." Palmer, 465 F.3d at 30. Consequently, a district court lacks "authority to entertain the motion to amend under the aegis of Rule 15(a) without first setting aside the judgment under some rule geared to the accomplishment of that task, say, Rule 59(e) or Rule 60(b)." Fisher, 589 F.3d at 509. In explaining its reasoning, the First Circuit noted that "to require the district court to permit amendment here would allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision." Fisher, 589 F.3d at 509 (citing James v. Watt, 716 F.2d 71 (1st Cir. 1983). The Court further reasoned that "[s]uch a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances." Id. Even a "passing request for contingent leave to file an amended complaint, made in an opposition to a motion to dismiss, is insufficient, in and of itself, to bring a post-judgment motion for reconsideration within the orbit of Rule 15(a)." Fisher, 589 F.3d at 510-511.

**CIVIL NO. 10-1919 (SEC)**                                                                                      Page 3

The limited reasons for denying a pre-judgment motion to amend include "undue delay, bad faith, futility and the absence of due diligence on the movant's part." Id. (citing Palmer, 465 F.3d at 30). We find that Plaintiff's motion to amend harbored none of these defects. Although the case scheduling order set March 4, 2011, as the deadline for filing amended pleadings, her motion to amend was filed upon Defendant's request to dismiss for failure to state a claim. See Docket # 27-1. Thus there is no undue diligence, bad faith or prejudice upon Defendant. Considering the liberal standard set forth under Rule 15, Plaintiff's diligence in seeking leave to amend, and the fact that the case is in its initial stages, Plaintiff's request to amend the complaint is **GRANTED**.

**Conclusion**

Based on the foregoing, Plaintiff's leave to amend is **GRANTED**. Defendant's motion to dismiss is **DENIED** at this time, but they may file a renewed motion to dismiss no later than **April 29, 2011.** The Case Management and Settlement Conference is rescheduled for June 1, 2011 at 2:30 pm. The rest of the Case Management Order's deadlines remain in effect.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of April, 2011.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge