IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LARA GONZALEZ

    Plaintiff.

    v.

HURLEY INTERNATIONAL, INC.

    Defendant,

**Civil No. 10-1919 (SEC)**

## OPINION AND ORDER

Pending before this Court is defendant Hurley International, LLC's ("Hurley") second motion to dismiss (Docket # 30), plaintiff Lara González's ("Lara") opposition thereto (Docket # 32), and Hurley's reply (Docket # 35). After reviewing the filings, and the applicable law, Hurley's motion is **DENIED**.

**Factual and Procedural Background**

On September 23, 2010, Lara filed this diversity suit against Hurley, setting forth claims under Puerto Rico Law 21, P.R. Laws Ann. tit. 10, § 279 ("Law 21"). Lara posits that she was Hurley's exclusive sales representative, and that Hurley terminated their relationship without just cause. On February 9, 2011, this Court denied Hurley's request to compel arbitration (Docket # 14), and issued the Case Management Order setting forth the case's deadlines (Docket # 15).

On March 11, 2011, Hurley filed a motion to dismiss for failure to state a claim, arguing that Lara failed to set forth sufficient factual averments to support her claims under Law 21. Docket # 20. Lara opposed, and moved to amend her complaint to include additional facts showing that she was Hurley's exclusive sales representative upon expiration of the "Sales Representative Agreement" (the "Agreement") in July 2009. Dockets ## 23 & 24. Denying

**CIVIL NO. 10-1919 (SEC)**                                                                 **Page 2**

Hurley's motion to dismiss, on April 29, 2011 this Court granted leave to amend Lara's complaint. Docket # 29.

In its second motion to dismiss, Hurley contends that Lara's amendments to the complaint "[r]emain largely unchanged" and that the only significant addition is the allegation that "[a]fter termination of the last written [Agreement] between the parties on July 31, 2009, Hurley and Lara tacitly agreed that she would continue as Hurleys' sole sales representative in Puerto Rico, but without a written contract, and without any right of Hurley to appoint other sales representatives for the [t]erritory." Docket # 30, p. 3. (quoting Amended Complaint, Docket # 23-1, Exh. A. ¶ 11). According to Hurley, these changes are insufficient to survive a motion to dismiss. Hurley also alleges that the doctrine of novation applies to the present instance. See Docket # 35, p. 7.  In opposition, Lara contends that the amended complaint contains enough well-pled facts to easily survive a motion to dismiss. See Docket # 32, p. 11.

Ruling upon motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will relate the facts as alleged in the amended complaint. See SEC v. Tambone, 597 F.3d 436, 438 (1st Cir.2010) (en banc).

According to the amended complaint, upon the expiration of the Agreement in July 2009 that labeled Lara as a "non-exclusive sales representative," she continued working as Hurley's only representative in Puerto Rico. Docket # 23-1 ¶ 11. According to Lara's amended complaint, since 2004 she has been the *only* person in charge of selling Hurley sport clothing in Puerto Rico. Id. ¶ 6.  Furthermore, she promoted and expanded the Puerto Rico market for Hurley. Id. As a result of her efforts, Lara alleges that Hurley's sales in Puerto Rico grew from a hundred thousand dollars to almost three million. Id. at ¶ 7. Until after her termination in December 2009, at no time did Hurley ever appoint another sales representative for Puerto Rico, nor converted any of Lara's accounts into "house" accounts. Id. at ¶ 11. According to Lara's

**CIVIL NO. 10-1919 (SEC)**                                                                 **Page 3**

allegations, moreover, Hurley required her to exclusively represent Hurley sports clothing in Puerto Rico, to the exclusion of other brands. Id. at ¶ 8. Finally, Lara avers that Hurley terminated her without just cause, in violation of Law 21. Id. at ¶ 13.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all "well-pleaded facts [and indulge] all reasonable inferences" in plaintiffs' favor." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. Nevertheless, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus, Plaintiffs must rely on more

---

[1] Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant *fair notice* of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (emphasis added).

**CIVIL NO. 10-1919 (SEC)**                                                                                                                               **Page 4**

than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

      Moreover, "even under the liberal pleading standards of Fed R. Civ. P. 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Twombly, 550 U.S. at 559. Although complaints do not require detailed factual allegations, the plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. at 556.

      In Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S. Ct. at 1949-50. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 1949. Specifically, the court is not obligated to accept legal conclusions set forth as factual allegations in the complaint. Id.

      Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555); see also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). In other words, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1,12 (1st Cir. 2011).

      Second, a complaint survives only if it states a plausible claim for relief. Id. (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint,

**CIVIL NO. 10-1919 (SEC)**                                                                 Page 5

accepted as true, must be sufficient to give the claim facial plausibility. Id. A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 1949, 1952. Such inferences must amount to more than a sheer possibility and be as plausible as any obvious alternative explanation. Id. at 1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 1950.

**Applicable Law and Analysis**

In the instant case, the inquiry is delimited to a single question, namely, whether Lara, upon the expiration of the Agreement, is plausibly entitled to relief under Law 21.[2] By enacting Law 21, the Puerto Rico Legislature sought "[t]o protect sales representatives from the unjust termination of their contracts." IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 445 (1st Cir.2010) (citations, footnote, and internal quotation marks omitted). In pertinent part, Law 21 "[p]rovides that 'no principal or grantor may terminate [the principal-sales representative] relationship, or directly or indirectly perform any act that may impair the established relationship, or refuse to renew said contract ..., except for just cause.'" Id. (quoting P.R. Laws Ann. tit. 10, § 279a) (alterations in original).

The crux of Hurley's motion to dismiss is that Lara's amended complaint lacks factual allegations to conclude that Hurley intended to grant Lara exclusivity, thus making her Law 21 claims wholly unplausible. See Docket # 30, p. 12. But, at the motion to dismiss stage, the inquiry ought to be whether Lara and Hurley's business relationship after the expiration of the Agreement, is akin to that of a sales representative-principal under the purview of Law 21. See IOM Corp., 627 F.3d at 448 (holding that "[e]xclusivity [is] generally apparent either from the

---

[2] To be sure, this Court reiterates its previous finding that, before the expiration of the Agreement, Lara was a non-exclusive sales representative. See Docket # 14.

**CIVIL NO. 10-1919 (SEC)** Page 6

contract or *from the arrangements agreed upon between the parties*.") (emphasis added) (citation omitted).

For Law 21 purposes, a sales representative is "[a]n independent entrepreneur who establishes a sales representation contract of an exclusive nature, with a principal or grantor, and who is assigned a specific territory or market, within the Commonwealth of Puerto Rico." P.R. Laws Ann. tit. 10, § 279a. The Puerto Rico Supreme Court has said that

> [a] sales representative is a business intermediary who: (1) exclusively promotes and processes contracts on behalf of a principal in an ongoing, stable manner; (2) operates in a defined territory or market; (3) is responsible for creating or expanding the market for the principal's products through promotional efforts; (4) receives commissions for his services or a pay previously agreed upon by the parties; and (5) operates as an independent merchant.

IOM Corp., 627 F.3d at 446. (citation omitted)

Furthermore, "[t]he exclusivity requirement is met where neither the principal merchant nor third parties are allowed to sell the product in the same territory or market in which the sales representative operates." Id.

After affording them the presumption of truth, Lara's allegations suffice to conclude that, upon the expiration of the Agreement, Lara could plausibly claim protection under Law 21. Indeed, the amended complaint states that, over six long years as Hurley's *only* sales representative in this jurisdiction, Lara *single-handedly* grew the market for Hurley's products by selling and promoting its products. Indeed, barring the fact that the Agreement labeled her a non-exclusive sales representative, Lara plausibly satisfies the sales representative test articulated by the Puerto Rico Supreme Court. See supra p. 6.

The Court will refrain from considering Hurley's argument that, upon the expiration of the Agreement, a modifying novation took place—and thus that Lara remained a non-exclusive representative—because such exercise would require the Court to delve into the parties'

**CIVIL NO. 10-1919 (SEC)**                                                            Page 7

intentions. See P.D.C.M. Assoc. v. Najul Bez, 174 P.R. Dec 716, 726 (2008) (citation omitted). At this juncture, this Court is disinclined to consider elusive concepts such as motive and intent. See e.g., Scooter Store, Inc. v. SpinLife.com, LLC, 777 F.Supp.2d 1102, 1118 (S.D.Ohio. 2011) (holding that when "[m]otive and intent are at issue, . . . courts hesitate to grant motions to dismiss before the parties have an opportunity for discovery.") (citations omitted).

In any event, "[o]n a motion to dismiss, [courts] are obligated to view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Ocasio-Hernandez, 640 F.3d at 17. More importantly, "Law 21 . . . reflects . . . [the] "strong public policy of [Puerto Rico]." Its provisions pertain to 'public order' and 'shall be liberally construed'" Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93-94 (1st Cir.2010) (quoting P.R. Laws Ann. tit. 10, § 279g).

In line with the foregoing, and for purposes of Hurley's motion to dismiss, Lara's amended complaint provides enough facts to make her Law 21 claims viable. The liberality with which courts should construe Law 21 militates in favor of allowing Lara the opportunity to put her theory to the test.

**Conclusion**

Taking all of Lara's well-pleaded factual allegations as true, she has pleaded adequate factual material to support a reasonable inference: that, upon the expiration of the Agreement, the business relationship between Lara and Hurley fell under the purview of this statute. In light of the foregoing, the collective weight of Lara's factual allegations, nudge her Law 21 claims "across the line from conceivable to plausible." Iqbal, 129 S.Ct at 1951.

**CIVIL NO. 10-1919 (SEC)** **Page 8**

For the reasons articulated above, Hurley's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of October, 2011.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge