IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LARA GONZALEZ

    Plaintiff,

    v.

HURLEY INTERNATIONAL LLC.

    Defendant.

Civil No. 10-1919 (SEC)

**OPINION AND ORDER**

Before the Court is plaintiff Lara Gonzalez's motion for reconsideration (Docket # 90). After carefully considering the filings and the applicable law, her motion is **DENIED**.

**Procedural Background**

On September 23, 2010, Gonzalez filed this diversity suit against Hurley International LLC ("Hurley"), setting forth a claim under Puerto Rico's Sales Representative Act, commonly known as Law 21, P.R. Laws Ann. tit. 10, § 279. In her original complaint, she alleged that she was Hurley's exclusive sales representative, and that Hurley terminated their relationship without just cause, thus violating Law 21.

After several procedural nuances, the Court entered a case management order, see Fed. R. Civ. P. 16(b)(1), where, in pertinent part it set *March 4, 2011* as the last day to amend pleadings (Docket # 15). Plaintiff never opposed these deadlines. Nevertheless, on *April 7, 2011*, Gonzalez filed a motion for leave to file an amended complaint (Docket # 23).

Shortly thereafter, the Court granted leave to amend complaint, stating that "[a]lthough the case [management] order set March 4, 2011, as the deadline for filing amended pleadings, her motion to amend was filed upon [Hurley's] request to dismiss for failure to state a claim." Gonzalez v. Hurley Intern., Inc., No. 10–1919, 2011 WL 1404916, at *1 (D.P.R. Apr. 12, 2011).

**Civil No. 10-1919 (SEC)**                                                                                                          **Page 2**

In essence, the Court gave Gonzalez a second chance at the bat notwithstanding her failure to comply with the amend pleadings deadline.

That same day, Gonzalez filed her amended complaint to include additional facts showing that she was Hurley's exclusive sales representative. On April 29, 2011, Hurley renewed its motion to dismiss, which this court denied, ruling that "[L]ara's amended complaint provide[d] enough facts to make her Law 21 claims viable." Gonzalez v. Hurley Intern., Inc., No. 10–1919, 2011 WL 4856454, at *4 (D.P.R. Oct. 13, 2011).

As particularly relevant here, Gonzalez's deposition was taken on September 1, 2011 (Docket # 83). And, after repeated discovery hurdles and successive extensions of time, Dockets # 77 & 57, discovery concluded on February 29, 2012. Then, on March 7, 2012—about three weeks before the dispositive motions deadline *and over a year* past the last day to amend pleadings—Gonzalez sought leave to file a second amended complaint (Docket # 84). She filed her motion for leave "[p]ursuant to Rule (15)(a)(2), seek[ing] to conform [her] pleadings to the facts and circumstances obtained through discovery." Id., p. 1.

Seeking to avoid any further delays, the Court gave Hurley until March 13, 2012 to respond to Gonzalez's motion (Docket # 85). Hurley timely opposed, correctly arguing that, since the deadline to amend the pleadings expired on March 4, 2011, Gonzalez had failed to cite and consequently apply the correct, more stringent standard: good cause for her untimely request for leave to amend as required by Fed. R. Civ. P. 16(b). It also alleged that the facts obtained through discovery were at her disposal since Gonzalez's September 1, 2011 deposition, and that she failed to show good cause why she waited in excess of six months to request leave to file a second amended complaint. Id., p. 4.

The Court agreed with Hurley's reasoning and therefore denied the motion for leave (Docket # 87). Undeterred, Gonzalez filed the instant motion for reconsideration, accusing the

**Civil No. 10-1919 (SEC)**                                                                 **Page 3**

Court of failing to "balance [the] pertinent and equitable considerations," id., 2, in denying her motion for leave. In support of her contention, she maintains that (1) there existed no current case management order containing a deadline for filing amended pleadings; (2) she was justified in awaiting until the conclusion of discovery to file her motion; (3) the amendments bring nothing new to the case and represent factual pleadings that have long been a part of her theory; and (4) the amendments will not affect the prosecution of this case. Although Hurley failed to oppose, the Court nonetheless addresses and, for the reasons laid out below, rejects Gonzalez's unavailing contentions.

**Standard of Review**

Interlocutory orders such as the one Gonzalez is seeking reconsideration from, 'remain open to trial court reconsideration' until the entry of judgment." Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005) (quoting Geffon v. Micrion Corp., 249 F.3d 29, 38 (1st Cir. 2001) (quoting in turn Perez v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir.1994))). In other words, "[R]ule 59(e) does not apply to motions for reconsideration of interlocutory orders." Nieves-Luciano, 397 F.3d at 4.

For its part, Rule16(b)'s "good cause" standard, as opposed to Rule 15(a)'s "freely given" standard, "[g]overns motions to amend filed after scheduling order deadlines." O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2004) (collecting cases); Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008) ("[R]ule 16(b) establishes a different standard when a motion to amend comes late in the case."). And this makes sense: "[l]iberally granting motions to amend the pleadings—filed after a party has disregarded the scheduling order deadline—would effectively 'nullify the purpose of Rule 16(b)(1).'" Id. at 155 (quoting Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1155 (1st Cir. 1992)); see also 3-16 Moore's Federal Practice - Civil § 16.13.

It is well-settled law in this circuit that, in contrast to Rule 15(a)'s "'freely given' standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." Id. (citations omitted); see also e.g., Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.") (footnote omitted).

**Applicable Law and Analysis**

Plaintiff first argues that there was no "current" case management order containing a deadline for filing amended pleadings. See Docket # 90, p. 5. This argument is beyond the pale, bordering on Rule 11 sanctions. As said, it is incontrovertible that, in the case management order, this court set a deadline to file amended pleadings. Oddly, plaintiff accuses this court of failing to "address" the period to file amended pleadings. Docket # 90, p. 5. But it should go without saying that duty to request an extension of time to file amended pleadings rests squarely on the plaintiff, not on the Court. See Fed. R. Civ. P. 16(b)(4) ("[A] schedule may be modified only for good cause and with the judge's consent."); cf. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) ("[A] party flouts a court order at his peril."); Rosario- Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (discussing a party's "unflagging duty to comply with clearly communicated case management orders"). "For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a "frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." O'Connell 357 F.3d at 155 (citations and internal quotation marks omitted). This is exactly what plaintiff is purporting to do.

Further, it is important to underscore that, notwithstanding Gonzalez's lack of diligence in failing to request an extension of time to amend her pleadings, this court, in the interest of justice, *made an exception* and granted her leave to amend her complaint back in April 2011.

**Civil No. 10-1919 (SEC)** Page 5

It defeats logic to say, as plaintiff suggests, that because her leave to amend was granted a year ago, the Court is now somehow bound by its previous liberal determination. Simply put, plaintiff's argument does not carry the day, as it runs contrary to Rule 16(b)'s purpose, i.e., "[a]ssur[ing] that at some point both the parties and the pleadings will be fixed." Id. at 154 (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b)).

Next, plaintiff alleges that she was justified in awaiting until the conclusion of discovery to file her motion. This contention also misses the mark. As a threshold matter, Gonzalez's second motion for leave—which, again, was incorrectly predicated on Rule 15(a)—fails to address her untimeliness. And instead she merely blames such noncompliance on this court's extensions of the discovery deadline. The overwhelming majority of the proposed amendments, moreover, are based on plaintiff's testimony at the September 1, 2011 deposition. Indeed, the allegations that Gonzalez "[s]eeks to add to [her] amended complaint are based on information that [she] had or *should have had* from the outset of the case." Trans-Spec Truck Serv., 524 F.3d at 327 (emphasis added); see also Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (*per curiam*) (affirming district court's refusal to find good cause where "information supporting the proposed amendment to the complaint was available [to plaintiff] even before she filed suit"). Gonzalez tries to blunt the force of this conclusion by reminding this court that "[s]he did not make a habit of retaining documents pertaining to her relationship with Hurley . . . ." Docket # 90, p. 8 (citation and internal quotation marks omitted). The Court, however, is unpersuaded by this convenient explication.

The Courts adds a coda. Although she was (or should have been) aware of her duty to move to amend, Gonzalez procrastinated for over six months after her deposition, and waited more than *a year* after the deadline to amend pleadings to act. Hurley correctly concludes that "[s]uch a long and unexplained delay undoubtedly demonstrates that the [plaintiff] has not

diligently pursued this litigation." Docket # 86, p. 4. See Trans-Spec Truck Serv., 524 F.3d at 328 (holding that filing of motion to amend eleven months after deadline established by scheduling order was unjustifiable, absent issues of estoppel); Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (finding that plaintiffs failed to establish good cause when they had delayed more than a year before seeking leave to amend and discovery had been completed).

Because the plaintiff has been *far* from diligent in moving to amend, thereby failing to show good cause, the Court need not address her remaining but unavailing contentions. "'Indifference' by the moving party 'seals off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." O'Connell, 357 F.3d at 155 (quoting Rosario-Diaz, 140 F.3d at 315).

**Conclusion**

For the reasons stated, plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of May, 2012.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge